# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK WESLEY WAGSTER, | ) | Case No. EDCV 15-0868-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On May 2, 2015, Mark Wesley Wagster ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on August 18, 2015.  On November 12, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 54-year-old male who applied for Social Security Disability Insurance benefits on December 19, 2011, and for Supplemental Security Income benefits on December 28, 2011, alleging disability beginning February 2, 2009.  (AR 10.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 2, 2009, the alleged onset date.  (AR 13.)

Plaintiff's claims were denied initially on May 23, 2012, and on reconsideration on January 25, 2013.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on October 23, 2013, in Orange, California.  (AR 10.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 10.)  Medical expert ("ME") Joseph M. Malancharuvil, Ph.D., and vocational expert ("VE") Alan L. Ey also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on December 5, 2013.  (AR 10-24.)  The Appeals Council denied review on March 3, 2015.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Whether the ALJ properly considered the consultative examiner's opinion.

2.      Whether the ALJ considered all of the medical expert's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

3

2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 2, 2009, the alleged onset date.  (AR 13.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: stenosis of a lower extremity artery; venous insufficiency of the legs; chondromalacia of the knees; post-operative patella foraminal syndrome and osteoarthritis of the knee; musculoligamentous strain/sprain of the lumbar area; sciatica; chronic fatigue;

obesity; major depressive disorder; anxiety disorder, not otherwise specified; and avoidant personality disorder.  (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 13-14.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> Claimant can lift and/or carry 10 pounds frequently and 20 pounds
> occasionally; he can stand, walk or sit six hours out of an eight-hour day; he
> can climb upstairs, but he can't climb ladders, ropes or scaffolds; he should
> avoid concentrated exposure to hazardous machinery and unprotected
> heights; he can occasionally stoop, kneel, crouch, and crawl; and he is
> limited to simple repetitive tasks and object-oriented work with no direct
> contact with the public and only occasional interaction with co-workers and
> supervisors, and no jobs requiring teamwork.

(AR 14-22.)  In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a teacher aide 1.  (AR 22.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of mail clerk and assembler/small products.  (AR 22-23.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 23.)

## DISCUSSION

The ALJ's decision must be affirmed.  The ALJ properly considered the medical evidence.  The ALJ's RFC is supported by substantial evidence.

**I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ erred in rejecting the opinions of consulting psychiatrist Dr. Lorna Carlin and testifying expert Dr. Joseph Malancharuvil, a clinical psychologist.  The Court disagrees.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

1   F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

2   physician's opinion is contradicted by an examining professional's opinion, the Commissioner

3   may resolve the conflict by relying on the examining physician's opinion if the examining

4   physician's opinion is supported by different, independent clinical findings.  See Andrews v.

5   Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

6   uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

7   reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

8   opinion is contradicted by another physician's opinion, an ALJ must provide specific and

9   legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

10  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

11  examining physician or a treating physician"; such an opinion may serve as substantial

12  evidence only when it is consistent with and supported by other independent evidence in the

13  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

14          **B.    Analysis**

15                  1.    Dr. Carlin

16          Plaintiff does not challenge the ALJ's determination of his medically determinable

17  physical impairments or the ALJ's physical RFC assessment.  He does challenge the ALJ's

18  mental RFC.  More specifically, he challenges the ALJ's rejection or interpretation of the

19  opinions of the psychiatric consulting examiner Dr. Lorna Carlin and testifying medical expert

20  Dr. Joseph Malincharuvil, a clinical psychologist.

21          On April 20, 2012, Dr. Carlin conducted a complete psychiatric evaluation of Mr.

22  Wagster, who reported lifelong depression, lifelong avoidant personality disorder, ill

23  temperament, and feelings of insecurity.  (AR 19, 495.)  Dr. Carlin found that Plaintiff had never

24  been hospitalized in a psychiatric facility but has received outpatient treatment.  (AR 496.)

25  There were no psychiatric records for review.  (AR 495.)  Dr. Carlin diagnosed major

26  depressive disorder, anxiety disorder and avoidant personality disorder.  (AR 20, 500.)  Dr.

27  Carlin opined that Plaintiff was not significantly limited in the ability to carry out simple and

28  complex tasks, maintain concentration, persistence and pace, accept instructions from

1   supervisors and ability to perform work without special or additional supervision.  (AR 20, 501.)

2   Dr. Carlin found Plaintiff was moderately limited in the ability to interact with co-workers and the

3   public, and moderately to markedly limited in the ability to maintain regular attendance in the

4   workplace and perform work activities on a consistent basis.  (AR 20, 501.)

5          The ALJ gave significant but not full weight to Dr. Carlin's assessment.  (AR 21.)  The

6   ALJ rejected Dr. Carlin's assessment of moderate to marked limitation in the ability to maintain

7   regular attendance and perform work activities on a regular basis.  (AR 21.)  The ALJ regarded

8   this limitation as "overly restrictive given the Claimant's reported activities of daily living

9   including working on a book and writing a blog."  (AR 21.)  There was other evidence in the

10  record contradicting Dr. Carlin's assessment.  In 2010, Dr. Sonia Parikh diagnosed Plaintiff with

11  depressive disorder and anxiety disorder but opined that Claimant did not have any psychiatric

12  functional limitations.  (AR 19.)  The ALJ also gave great weight to the opinions of the testifying

13  medical expert Dr. Malancharuvil and State agency mental consultants that Plaintiff was not

14  precluded from all work.  (AR 21.)  Thus, the ALJ needed only to provide specific, legitimate

15  reasons for rejecting the moderate to marked limitation opined by Dr. Carlin.  The ALJ did so.

16         First, the ALJ regarded Dr. Carlin's limitations as overly restrictive in view of Claimant's

17  reported activities of daily living, including working on a book and writing a blog.  (AR 21.)

18  Plaintiff also goes out alone, shops, does chores, pays bills, and bikes and hikes on a regular

19  basis.  (AR 16.)  The ALJ concluded that Plaintiff engages "in a somewhat normal level of daily

20  activity and interaction."  (AR 16.)  She further concluded that the physical and mental

21  capabilities requisite to performing the above tasks as well as the social interactions replicate

22  those necessary for work.  (AR 16.)  An ALJ may reject a physician's opinion that is

23  contradicted by a claimant's own admitted or observed abilities or is inconsistent with the

24  claimant's level of activity.  Bayliss, 427 F.3d at 1216; Rollins v. Massanari, 261 F.3d 853, 856

25  (9th Cir. 2001).  Plaintiff argues that the daily activities cited by the ALJ do not mean that he

26  can work, but they do suggest Claimant has greater functional abilities than alleged.  See

27  Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

28

1        Second, the ALJ discounted Plaintiff's credibility as to his subjective symptoms (AR 16),

2  a finding that Plaintiff does not challenge.  In addition to inconsistent daily activities, the ALJ

3  noted that Plaintiff received routine and conservative treatment consisting of medications.

4  Conservative treatment is a legitimate basis for discounting credibility.  <u>Tommasetti v. Astrue</u>,

5  533 F.3d 1035, 1039 (9th Cir. 2008).  Impairments that can be controlled effectively with

6  medication are not disabling.  <u>Warre v. Comm'r of Soc. Sec.</u>, 439 F.3d 1001, 1006 (9th Cir.

7  2006).  Dr. Carlin did not have access to psychiatric records and thus necessarily relied on

8  Plaintiff's statements.  A treating physician's opinion based on subjective complaints of a

9  claimant whose credibility has been discounted can be properly disregarded.  <u>Tonapetyan v.</u>

10  <u>Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001); <u>Andrews</u>, 53 F.3d at 1043.

11        Plaintiff disputes the ALJ's rejection of Dr. Carlin's moderate to marked limitation but it is

12  the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the

13  record.  <u>Andrews</u>, 53 F.34d at 1039.  Where the ALJ's interpretation of the evidence is

14  reasonable as it is here, it should not be second-guessed.  <u>Rollins</u>, 261 F.3d at 857.

15        The ALJ rejected Dr. Carlin's opinion for specific, legitimate reasons supported by

16  substantial evidence.

17               2.   <u>Dr. Malincharuvil</u>

18        Dr. Joseph Malancharuvil, a licensed psychologist and the medical expert who testified

19  at the hearing, diagnosed Plaintiff with major depressive disorder, anxiety disorder, and

20  avoidant personality disorder.  (AR 20.)  Dr. Malincharuvil testified Claimant was able to work

21  as long as his interactions with others were limited to "ordinary transactions in an object-

22  oriented job."  (AR 20.)  He also found Plaintiff had no restrictions in activities of daily living,

23  mild to moderate difficulties in social functioning, and moderate difficulties in regard to

24  concentration, persistence and pace, with no episodes of decompensation.  (AR 20.)  The ALJ

25  gave Dr. Malincharuvil's opinions great weight.  (AR 21.)  Based in part on Dr. Malincharuvil's

26  testimony, the ALJ limited Plaintiff to "simple repetitive tasks and object-oriented work with no

27  direct contact with the public and only occasional interaction with co-workers and supervisors

28  and no jobs requiring teamwork."  (AR 15.)

1    On cross-examination by Plaintiff's attorney, Dr. Malincharuvil acknowledged that

2    Plaintiff has difficulties with criticism.  (AR 53.)  Plaintiff argues that his testimony is a separate,

3    concrete limitation not associated with object-oriented work and not covered by Dr.

4    Malincharuvil's direct testimony.  Thus, Plaintiff contends that the ALJ erred by ignoring the

5    medical expert's testimony that Mr. Wagster would experience difficulty with criticism from

6    supervisors.  The Court disagrees.

7    As the Commissioner contends, the ALJ incorporated Dr. Malincharuvil's testimony

8    about Plaintiff's difficulties with criticism in the RFC she assessed.  <u>Magallanes</u>, 888 F.2d at

9    755 (reviewing court may draw specific, legitimate inferences from the ALJ's opinion).  Dr.

10   Malincharuvil  diagnosed avoidant personality disorder, referencing Dr. Carlin's RFC.  (AR 46.)

11   Contrary to Plaintiff's interpretation of the record, Dr. Malincharuvil specifically identified

12   Plaintiff's personality disorder as the reason for limiting him to object-oriented work:

13        The Claimant retains the capacity for moderately-complex tasks, object-

14        oriented work, he should not be involved in task that requires any

15        emotionally-charged interactions with public or co-workers.  So, he should

16        stay with object-oriented work.  I don't see any other restrictions from a

17        psychiatric point of view.

18   (AR 46.)  Plaintiff focuses on Dr. Malincharuvil's limitation to object-oriented work, but the

19   medical expert plainly meant that Plaintiff should stay with object-oriented work in order to

20   avoid emotionally charged interactions with the public, co-workers, and supervisors.  (AR 46,

21   52-53.)  Dr. Malincharuvil even noted that Claimant's primary issue is personality related.

22   Then, on cross-examination, Dr. Malincharuvil acknowledged that Plaintiff has difficulties

23   with criticism, which is "a problem" because he gets irritated "very easily."  (AR 53.)  The ALJ

24   then limited Plaintiff to "simple repetitive tasks and object-oriented work with no direct contact

25   with the public and only occasional interaction with co-workers and supervisors, and no jobs

26   requiring teamwork."  (AR 15.)  These restrictions are consistent with Dr. Malincharuvil's

27   testimony on cross-examination.  Plaintiff's difficulties with criticism are but a subset or an

28   example or manifestation of Plaintiff's personality disorder, not some separate impairment or

1  restriction.  Thus, the Court does not believe that the ALJ ignored Dr. Malincharuvil's testimony

2  about difficulties with criticism or rejected it.  Plaintiff's difficulties with criticism are

3  accommodated by the ALJ's limitation to only occasional interaction with co-workers and

4  supervisors.  See Rounds v. Comm'r Soc. Sec. Adm., 795 F.3d 1177, 1185 (9th Cir. 2015)

5  (RFC for one to two tasks with no public contact, no teamwork and limited co-worker contact

6  properly incorporated a physician's opinion that Claimant had moderate limitations in ability to

7  accept instructions and accept supervision).

8        Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and

9  ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the

10  evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at

11  857.

12        The ALJ properly considered the opinion of Dr. Malincharuvil.

13                                         * * *

14        The ALJ properly considered the medical evidence.  The ALJ's RFC is supported by

15  substantial evidence.  The ALJ's nondisability determination is supported by substantial

16  evidence and free of legal error.

17                                        **ORDER**

18        IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

19  Commissioner of Social Security and dismissing this case with prejudice.

20

21  DATED: December 18, 2015                    _/s/ John E. McDermott_

22                                              JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28